UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LINDA HALSEY, et al.,         )
                                    )
        Plaintiffs,        )
                                    )
      vs.                    )       Case No. 4:12CV1602 CDP
                                    )
CASINO ONE CORPORATION,    )
                                    )
        Defendant.      )

## MEMORANDUM AND ORDER

Named plaintiff Linda Halsey currently works as a floor supervisor at
Lumiere Casino, owned and operated by defendant Casino One Corporation.
Named plaintiff Marsha Booker previously worked in the same capacity. In their
complaint, plaintiffs allege that Casino One violated the Fair Labor Standards Act
(FLSA), 29 U.S.C. § 201 *et seq.*, by requiring them to work more than forty hours
per week without paying them overtime wages, and by maintaining a policy of
taking cash deductions for missed work time if the workers' Paid Time Off banks
were empty.

Plaintiffs now move for conditional certification of this case as a collective
action under FLSA so that they may notify certain past and present Casino One
employees of this action and provide them the opportunity to "opt in" as plaintiffs
to this litigation. They seek to notify employees of both Lumiere Casino and River
City Casino. Casino One opposes conditional certification on various grounds. I

will grant plaintiffs' motion to the extent that the class will be limited to employees of Lumiere Casino – but not River City Casino – for the reasons that follow.

## Background

Casino One owns and operates Lumiere Casino in the state of Missouri. Plaintiffs are or were employed as floor supervisors at Lumiere Casino. In this capacity, they were responsible for monitoring games and players on the casino floor. They also coached dealers and attended monthly meetings for further training. Floor Supervisors were paid bi-weekly, and they accumulated Paid Time Off (PTO) hours each month and on the anniversary of their hiring, which could be used for sick leave, holidays, vacation, or other time off. Floor Supervisors could use up to 40 PTO hours annually, and they were compensated for any unused PTO at the end of their employment with Casino One.

Plaintiffs allege that the floor supervisors were improperly classified as exempt under FLSA. The defendant regularly scheduled floor supervisors to work a minimum of 42.5 hours per week, routinely requiring them to work up to 45 hours per week. However, they allege that their paychecks only compensated them for a maximum of 80 hours, regardless of whether they worked more hours than that. In addition, plaintiffs allege that Casino One had a policy of deducting partial-day hourly wages from floor supervisors' pay checks either in the form of PTO deductions or cash deductions (used when a worker's PTO bank was empty)

based on an 80 hour pay period, rather than the higher number actually worked. Plaintiffs also allege that they were not compensated for attending the required monthly training meetings.

According to plaintiffs, the floor supervisors' job duties and employment policies were controlled by the Standard Operating Procedures Manual. All of the floor supervisors received the same training and were paid using the same employment policies. Plaintiffs further seek to expand the class to include floor supervisors who worked at River City Casino in the state of Missouri, on the grounds that defendant Casino One also owns that casino and the floor supervisors working in that location are similarly situated to the floor supervisors working at Lumiere Casino.

In their motion, plaintiffs request an order conditionally certifying this case as a collective action and authorizing plaintiffs to send notice under § 216(b) of the FLSA to "all similarly situated persons employed by Defendant, who were designated, paid or employed as Floor Supervisors or other similarly titled positions (hereinafter referred to Floor Supervisors) within the past three (3) years." Plaintiffs also seek an order requiring Casino One to provide them with a computer-readable data file containing the name, address, and telephone number for all potential opt-in members.

## Discussion

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. The Act also provides that any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* The FLSA does not define the term "similarly situated."[1] Although the Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b), the district courts in this circuit use a two-step analysis. *See e.g., Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010).

---

[1] A 216(b) collective action differs from class actions brought under Rule 23 of the Federal Rules of Civil Procedure. *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005). A primary distinction is that under FLSA, a similarly situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must "opt-out" to avoid being bound by the judgment. *Id. See also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).

As is typical under the two-step process, plaintiffs have moved for conditional certification for notice purposes at an early stage of the litigation. *See Davis v. Novastar Mortgage, Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005). At this first step in the process, I do not reach the merits of their claims. *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007). Plaintiffs' burden at this stage is not onerous. *Id*. Conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Davis*, 408 F. Supp. 2d at 815 (internal citation and quotation marks omitted). "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." *Fast v. Applebee's International, Inc.*, No. 06-4146-CV-C-NKL, 2007 WL 1796205, at *3 (W.D. Mo. June 19, 2007). That determination is made during the second step of the process, after the close of discovery. *Id.* "Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." *Smith v. Heartland Automotive Services, Inc.*, 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005). Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1159 (D. Minn. 2007).

At the second step of the process, the defendant may move to decertify the class. *See Dernovish v. AT&T Operations, Inc.*, No. 09-0015-CV-W-ODS, 2010

WL 143692, at *1 (W.D. Mo. Jan. 12, 2010).  This is typically done after the close of discovery when I have more information and am able to make a factual determination as to whether the members of the conditionally certified class are similarly situated.  *See Davis*, 408 F. Supp. 2d at 815.  "To be similarly situated, however, class members need not be identically situated."  *Fast*, 2007 WL 1796205, at *4.

Having reviewed plaintiffs' motion in light of the relevant standards, I find that they have cleared the relatively low hurdle of demonstrating that conditional certification of the collective action is appropriate, but only as to employees of Casino One working at Lumiere Casino.  Plaintiffs have come forward with substantial allegations that they and the other employees of Casino One were victims of a single decision, policy, or plan to deprive them of compensation.  These allegations include (1) that they were improperly classified as exempt employees and were regularly required to work more than 40 hours per week without overtime compensation, and (2) that wages were deducted from their paychecks if they missed work and did not have PTO hours remaining, even if they had worked more than the 80 hours for which their paychecks would have originally compensated them.

In cases involving allegations of misclassification, a plaintiff must typically show that the employees performed similar duties, were classified as exempt,

worked more than forty hours, and were not paid overtime. *See, e.g.*, *Schleipfer v. Mitek Corp.*, No. 1:06CV109 CDP, 2007 WL 2485007, at *3 (E.D. Mo. Aug. 29, 2007). Based on plaintiffs' allegations and affidavits of themselves and other employees, I conclude that plaintiffs have provided substantial allegations as to these factors, and they have thus met their burden of demonstrating that conditional class certification is appropriate.

Casino One does not refute these particular allegations. Rather, it objects to class certification on the grounds that plaintiffs have failed to demonstrate that other floor supervisors desire to opt in to this action, that the claim regarding improper deductions of accumulated time off from the PTO banks is not actionable, and that they failed to show that workers at the two casinos are similarly situated. In its answer to the complaint and in a supplemental memorandum in opposition to class certification, Casino One states that it is not the actual owner of the River City Casino, and thus cannot be a proper FLSA defendant as to workers at that facility.

As to defendant's argument regarding the desire of other employees to opt in to this action, it has not cited any controlling case law that imposes such a requirement for conditional class certification. However, even though I do not believe that plaintiffs must provide evidence of other specific employees wanting

to opt in to the suit, they have done so in the form of affidavits attached to their reply brief. This is sufficient to defeat defendant's argument on this point.

Regarding Casino One's argument as to the deductions for missed time, it seems to have misconstrued plaintiffs' argument. I understand plaintiffs' argument to be that the defendant made the PTO or cash deductions from an 80 hour pay period, even if the plaintiffs would have worked more than 80 hours in that pay period if not for the approved time off. On its face, this allegation appears properly suited for an action under FLSA. Thus, for purposes of this motion, defendant's argument does not preclude conditional certification of a class action. In any event, this argument goes to the merits of plaintiffs' claim and is not yet ripe for resolution. After discovery is complete and the matter is fully briefed, I may decertify the collective action for this (or some other) reason advanced by Casino One.

Finally, defendant argues that the floor supervisors at River City Casino are not similarly situated to those employed at Lumiere Casino and, in any event, are not employed by Casino One. As support for their argument that the class should be expanded to include floor supervisors working at River City Casino, plaintiffs attach a fictitious name registration filed with the state of Missouri, which states that Casino One is the owner of River City Casino. Defendant Casino One argues that the fictitious name registration was erroneous, and it has provided a new

document filed with the Missouri Secretary of State showing that PNK (River City), LLC[2] is the owner of River City Casino. It also provided a sworn affidavit from the vice president and secretary of PNK, John Godfrey, stating that PNK has owned and operated River City since its operations began, as well as a resolution from the Missouri Gaming Commission acknowledging PNK's ownership of River City.

Despite the fact that the workers at both casinos may be similarly situated – perhaps because they are employed by separate subsidiaries of the same company, Pinnacle Entertainment – I must rely on the sworn affidavits and evidence presented to the court by the defendant, stating that Casino One is not and has never been the owner of River City Casino. In order to be held liable as an "employer" under the FLSA, a proper defendant "(1) has the power to hire and fire the employee, (2) supervises and controls the employee's work schedule or conditions of employment, (3) determines the rate and method of payment, and (4) maintains employment records." *Baker v. Stone Cnty., Mo.*, 41 F. Supp. 2d 965, 980 (W.D. Mo. 1999). According to defendant's affidavit, PNK and Casino One hire and fire employees independently, separately promulgate work rules and assignments, separately determine pay, and separately supervise employees on a daily basis. Based on these sworn representations, Casino One does not appear to

---

[2]According to defendant's exhibits, PNK (River City), LLC and Casino One Corporation are separate wholly-owned subsidiaries of Pinnacle Entertainment, Inc.

be an employer of floor supervisors working at River City Casino. Therefore, I will limit the class to only include floor supervisors who currently or have previously worked at Lumiere Casino.

Casino One has also objected to certain aspects of plaintiffs' proposed Notice of Collective Action Lawsuit. Casino One asks the court to remove the sentence stating, "In the alternative, you can join the lawsuit by representing yourself or by counsel of your own choosing." It argues that this statement is misleading since an employee's completion of an "opt-in" form necessarily designates plaintiffs' counsel to represent that employee. It is true that potential plaintiffs do have a right to retain their own counsel to pursue their claim, and I do not believe that this statement is confusing in the context of this Notice. Therefore, I will overrule Casino One's objection on this point.

Casino One also requests that the court add the following sentence to the Notice: "If you join this lawsuit, and the Court rules in favor of Casino One Corporation, you will not be entitled to any relief, and you may have to pay some portion of the costs and attorneys' fees incurred by Casino One Corporation." Some courts have denied similar requests because it may discourage plaintiffs from joining the case, and it is unclear under the law whether prevailing FLSA defendants can even be awarded costs and fees. *See, e.g.*, *White v. 14051 Manchester, Inc.*, No. 4:12CV469 JAR, 2012 WL 5994263, at *7 (E.D. Mo. Nov.

30, 2012); *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500 (D. Neb. 2009).  However, other courts have held, based on cases awarding costs to prevailing FLSA defendants, that this information should be included in the notice. *See, e.g.*, *Perrin v. Papa John's Int'l, Inc.*, No. 4:09CV1335 AGF, at *8 (E.D. Mo. Oct. 11, 2011); *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351-KHV, 2009 WL 2058734, at *4 (D. Kan. July 15, 2009).  I agree that in the interest of complete accuracy, this disclosure should be included, and I will therefore require plaintiffs to amend Section IV of the Notice to read as follows:

> If you choose to join the lawsuit, you will be bound by the judgment or settlement, if any, whether it is favorable or unfavorable. If you join the lawsuit, and the Court rules in favor of Casino One Corporation, you will not be entitled to any relief, and you may have to pay some portion of the costs and expenses incurred by Casino One Corporation.  While this lawsuit is pending, you may be required to respond to written questions, sit for a deposition in or near St. Louis, Missouri, and/or testify in court.

With these modifications, plaintiffs may send their proposed Notice of Collective Action Lawsuit [#12-3] to the potential class.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for conditional certification of a collective action and authorization to send notice of suit to potential opt-in plaintiffs [#11] is GRANTED IN PART.  The opt-in class will consist of all current or former employees of Casino One who worked as floor

supervisors at Lumiere Casino during the period of the past three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that plaintiffs may send their notice of suit, **consistent with the revisions stated in this Order**, to potential opt-in plaintiffs.

**IT IS FURTHER ORDERED** that defendant shall provide plaintiffs' attorneys with a computer-readable data file containing the names, addresses, and telephone numbers (if known) of potential opt-in plaintiffs within 30 days of the date of this Order.

This case will be set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2012.