UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA HALSEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:12CV1602 CDP |
| | ) |
| CASINO ONE CORPORATION, | ) |
| d/b/a Lumiere Place Casino and Hotels, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is now before me on plaintiffs' motion to file a second amended complaint. Plaintiffs seek to assert additional causes of action against defendant Casino One Corporation. Plaintiffs request leave to add class-action claims under Rule 23, Fed. R. Civ. P., for violations of the Missouri Minimum Wage Law and for unjust enrichment. After careful consideration, I will deny plaintiffs' motion because I find they have not shown the good cause required to amend under Rule 16(b)(4), Fed. R. Civ. P.

As a general rule, leave to amend a party's pleadings should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a). Different considerations apply, however, when a party moves to amend his pleadings after a deadline established in a scheduling order. In particular, because Fed. R. Civ. P. 16(b)(4)

provides that a scheduling order "may be modified only for good cause and with the judge's consent," the Eighth Circuit Court of Appeals requires parties to show good cause before amending their pleadings if they move to amend after the deadline established in the scheduling order. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

In considering whether a movant has shown good cause, a district court must first examine the movant's diligence in attempting to meet the requirements of the scheduling order. *Sherman*, 532 F.3d at 716. If the court determines that the movant was diligent, it may then consider the undue prejudice to the nonmovant resulting from the proposed modification of the scheduling order. *Id.* at 717.

In this case, the deadline for amending pleadings and joining parties was set for January 18, 2013. This deadline, like the others in the Case Management Order, was based on a proposal made jointly by the parties. Plaintiffs filed their motion to amend their complaint on October 7, 2013, nearly nine months after this deadline had passed. Therefore, I will apply the "good cause" standard set forth in Rule 16, Fed. R. Civ. P.

The plaintiffs do not acknowledge the requirement to demonstrate good cause for amending the scheduling order. However, they do contend that they have

not engaged in any "dilatory behavior" and that the new claims are similar to their pending collective-action claim for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  They argue that litigating the new claims in the same action will promote judicial economy.

Adding a Rule 23 classification will undoubtedly complicate this case. Plaintiffs' claim that they have not engaged in dilatory behavior is simply not enough to show that the amendments deadline could not "reasonably [have been] met despite the diligence of the party seeking the extension." *Sherman*, 532 F.3d at 717 (quoting Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment)).  Therefore, I will deny their request to amend their complaint out of time for failure to show the good cause required by Rule 16(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file second amended complaint [#63] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2013.